JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ADRIAN MELENDEZ, | Case No. 2:21-cv-02163-MCS-JC |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [15]** |
| v. | |
| SUBARU OF AMERICA, INC., and DOES 1 through 20, inclusive, | |
| Defendants. | |

Plaintiff Adrian Melendez file a Motion to Remand, Defendant Subaru of America, Inc. filed an Opposition and Plaintiff filed a Reply. Mot., ECF No. 15; Opp., ECF No. 17; Reply, ECF No. 21. The Court deems the matter appropriate for decision without oral argument and vacates the hearing. Fed. R. Civ. P. 78(b); Local Rule 7-15.

**I. BACKGROUND**

Plaintiff's 2018 Subaru VRX (the "Vehicle") exhibited defects after Plaintiff bought it for $37,541.19 on March 19, 2019, including a defective body system, tire pressure monitoring system, transmission system, window wiper system, and "engine/emission system." Compl. ¶¶ 6, 11-12, ECF No. 1-2; *see also* Julian Moore Decl. ¶ 3, ECF No. 13-1. Plaintiff presented the Vehicle for repair and notified Subaru

of the defects, but Subaru failed to fix them. Compl. ¶¶ 14-15. Based on these allegations, Plaintiff filed a complaint in Ventura County Superior Court asserting five claims against Subaru under the Song-Beverly Warranty Act ("SBA"). *Id.* ¶¶ 19-42. Plaintiff alleges "[t]he total amount paid and payable, incidental and consequential damages and civil penalties exceeds $25,000" and prays for actual damages; restitution; civil penalties under the SBA up to twice the amount of actual damages; consequential and incidental damages; fees and costs; and prejudgment interest. *Id.* ¶ 7, PRAYER clause.

## II. LEGAL STANDARD

To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled… [t]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citation omitted).

## III. DISCUSSION

Because the amount in controversy is not clear from the face of the Complaint, Subaru must show it exceeds $75,000. *Guglielmino*, 506 F.3d at 699. Subaru fails to do so. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) ("A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.") (citation omitted).

### A. Actual Damages

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal.

Civ. Code § 1793.2(d)(2)(B)-(C). The reduction is based on miles driven before the first attempted repair. *Id.* Subaru cites the $37,541.19 purchase price as Plaintiff's actual damages without accounting for finance charges, repair evidence, or anything else that could allow the Court to estimate actual damages. Opp. 5-6. Subaru instead focuses on the statutory offset's purportedly low impact on actual damages, arguing that Plaintiff fails to "state any number of miles to be used for a mileage offset…" *Id.* 5. This contention ignores that it is Subaru's burden to offer such evidence, not Plaintiff's. *Marks*, 530 F.3d at 810. As Subaru offers no evidence of actual damages under the SBA aside from purchase price, those damages are speculative.

**B. Civil Penalties**

The Complaint alleges Plaintiff is entitled to a civil penalty up to twice the amount of actual damages under California Civil Code section 1794, which only applies if violations are willful. Compl. PRAYER clause. Subaru cites no allegations or evidence suggesting the type of willfulness required to justify civil penalties, let alone has it demonstrated how much those penalties might be. *Zawaideh v. BMW of North America, LLC*, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) ("Rather than simply assume that because a civil penalty is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty."). Plaintiff's only allegations remotely inferring willfulness are that Subaru intentionally declined to cure the Vehicle's defects. Compl. ¶¶ 23, 30, 37. Such a vague contention does not satisfy Subaru's burden. *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where defendant provided no argument or evidence for including a civil penalty in the amount in controversy); *Sanchez v. Ford Motor Co.*, 2018 WL 6787354, at *2 (C.D. Cal. Dec. 4, 2018) (remanding where "Defendant has not offered any evidence to support" civil penalties under the SBA); *Lawrence v. FCA US LLC*, 2016 WL 5921059, at *4 (C.D.

Cal. Oct. 11, 2016) (SBA's civil penalty not considered in amount in controversy due to no "analogous verdicts or estimates about the amount").

The Court rejects Subaru's unfounded request that the Court accept its "assumption" of maximum civil penalties. Opp. 4-5 (citing *Park v. Jaguar Land Rover N. Am., LLC*, 2020 WL 3567275, at *6 (S.D. Cal. July 1, 2020) ("Defendant's assumption that the amount in controversy includes the maximum amount of civil penalties is reasonable" because "this assumption is founded on the allegations of the Complaint.")). Unlike the defendant in *Park*, Subaru cites no evidence to support a civil penalty twice the amount of actual damages. 2020 WL 3567275, at *6 (higher civil penalties assumed because vehicle cost $68,268.16 and complaint alleged plaintiff "is entitled to a civil penalty of two times Plaintiff's actual damages"). Subaru's lack of evidence supporting civil penalties is compounded by the uncertainty of actual damages. *Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) ("However, as determined above, Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty. Accordingly, the Court cannot determine the amount of any potential civil penalty either.").

The Court therefore cannot reliably determine the amount of civil penalties to which Plaintiff may be entitled, if any.

## C. Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"). Because Subaru presents no substantive argument or evidence concerning fees, the Court has no basis to include them in the amount in controversy. *Eberle v. Jaguar Land Rover N. Am., LLC*, 2018 WL 4674598, at *3 (C.D. Cal. Sept. 26, 2018) ("Courts have been reluctant

to estimate reasonably attorneys' fees without knowing what the attorneys in the case bill, or being provided with 'evidence of attorneys' fees awards in similar cases,' and have found information far more specific than this to be insufficient for the purposes of including attorneys' fees in the amount in controversy.") (citations omitted).

## IV. CONCLUSION

Because actual damages and fees are unknown, potential civil penalties are speculative, and Subaru identifies no additional sums to which Plaintiff may be entitled, Subaru has not shown that the amount in controversy exceeds $75,0000.

The Motion is therefore **GRANTED** and this action is **REMANDED** to the Superior Court of California for the County of Ventura, No. 56-2021-00550149-CU-BC-VTA. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: May 13, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE